UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT W. SHEAFFER,

          Plaintiff,

   v.

JOSEPH LEHMAN,

          Defendant.

Case No.  C06-5001RBL

REPORT AND
RECOMMENDATION TO
DENY PLAINTIFF'S
I.F.P. APPLICATION

Noted for February 3, 2006

    The court has reviewed petitioner's application for leave to proceed *in forma pauperis* (Doc. 1). The court finds and recommends:

    (1).  Plaintiff is in state custody at the Special Commitment Center and in his application, plaintiff indicates that he has $500.00 in savings and a bi-weekly income of approximately $100.00

    (2).  The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a).  However, the court has broad discretion in denying an application to proceed in forma pauperis.  <u>Weller v. Dickson</u>, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).  Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when the plaintiff is able to pay the initial expenses required to commence a lawsuit.  *See* <u>Temple v. Ellerthorpe</u>, 586 F.Supp. 848 (D.R.I. 1984); <u>Braden v. Estelle</u>, 428 F.Supp. 595 (S.D.Tex. 1977); <u>U.S. ex rel. Irons v. Com. of Pa.</u>, 407 F.Supp. 746 (M.D.Pa. 1976); <u>Shimabuku v. Britton</u>, 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974); <u>Ward v. Werner</u>, 61 F.R.D.

Report and Recommendation
Page - 1

1  639 (M.D.Pa. 1974).

2  (3) Based on the above, the Court should deny plaintiff's application to proceed *in forma pauperis*,.
3  Plaintiff has not shown that he is unable to pay the full filing fee ($250.00) to proceed with his lawsuit.

4  (4) Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the
5  parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P.
6  6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v.
7  Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to
8  set the matter for consideration on **February 3, 2006**, as noted in the caption.

9  DATED this 9th day of January, 2006.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

Report and Recommendation
Page - 2